IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK ALLEN GILMAN,

                   Plaintiff,              OPINION AND ORDER

   v.

                                               17-cv-7-wmc

CORRECT CARE SOLUTIONS, et al.
and DANE COUNTY JAIL, et al.,

                   Defendants.

*Pro se* plaintiff Mark Allen Gilman brings this action under 42 U.S.C. § 1983, alleging that Correct Care Solutions and the Dane County Jail violated his constitutional rights. Gilman's complaint is before this court for screening pursuant to 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, Gilman may not proceed with any of his claims at this time because he has failed to state a claim for relief against either defendant, as I explain in detail below. Accordingly, the court will give Gilman the opportunity to file an amended complaint that corrects these problems. If Gilman does not file a proper amended complaint, then it is likely that the court will dismiss his lawsuit.

OPINION

I. **Gilman's Allegations**

Gilman alleges in his complaint that while he was incarcerated at the Dane County Jail between February and April 2016, Correct Care Solutions provided medical care to him

1

for neck pain and cardiac conditions. He says that on April 26, 2016, he suffered a heart attack and stroke and was then taken back to his cell. He attributes his heart attack and stroke to the constant movement by deputies and to Correct Care Solution's failure to monitor his health properly. Gilman also alleges he was placed in "disgusting cells" and deprived of his personal property in retaliation for filing grievances, though he does not identify any particular individual who retaliated against him.

II.     Failure to State a Claim against the Named Defendants

There are several problems with Gilman's complaint. First, Gilman names only two defendants in the caption of his complaint: Correct Care Solutions and Dane County Jail. Gilman cannot sue a jail because a jail is just a building – it is not a suable entity under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent that Gilman is seeking money damages from injuries caused by a deputy or other staff at the Dane County Jail, he must name the human defendant who was personally involved in and responsible for the claimed constitutional violations. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation'"); *brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

As for his claim against Correct Care Solutions, a private company, Gilman can only sue it as a state actor under § 1983 if he alleges that Correct Care Solutions had a "policy or custom" that caused his injuries and the violation of his constitutional rights. *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (citing *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978)). His complaint contains no allegations about policies or customs

2

of Correct Care Solutions.

### III. Failure to Include Specific Allegations

Even if Gilman had named a proper defendant, his allegations are too vague to state a claim for relief. Gilman's allegations do not provide enough detail to give notice to any defendant, or to this court, as to what the claims are. This lack of detail violates Federal Rule of Civil Procedure 8, which requires plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that Gilman must allege facts with enough detail to "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough for a pleading to offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, the pleading must be "supported by factual allegations" that allow an inference that the plaintiff is entitled to relief. *Id.* at 679.

Gilman's complaint does not meet this standard. *First*, his claims are too vague and conclusory. Although he alleges that he suffered a heart attack and stroke because he was moved frequently and did not receive adequate healthcare, he provides no details about why he believes he was moved too much, how his healthcare was inadequate, or what should have been done differently. *Second*, as discussed above, Gilman has failed to identify any specific defendant who was involved in any particular incident. Without this information, the court cannot determine whether Gilman has any viable claims that may proceed past screening.

3

IV.     **Correcting the Deficiencies in Gilman's Complaint.**

Gilman cannot proceed with his complaint at this time, but I will give him three weeks to file an amended complaint that fixes these problems. When filing his amended complaint, Gilman should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened, *specifically*, to make him believe he has a legal claim; (2) when it happened; (3) where it happened; (4) who did it; (5) why; and (6) how the court can assist him in relation to those events. Gilman should take care to identify the specific actions taken by each individual defendant that he believes violated his rights. He should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

If Gilman does not provide an amended complaint that fixes the problems identified in this order by **[three weeks]**, then he faces dismissal of this lawsuit with prejudice for failure to state a claim upon which relief may be granted. If this happens, then Gilman likely will receive a "strike" in accordance with 28 U.S.C. § 1915(g). Once a prisoner receives three strikes, he is not allowed to proceed with any new lawsuits without first paying the full filing fee, except in very narrow circumstances.

## ORDER

IT IS ORDERED that:

(1) Plaintiff Mark Allen Gilman has three weeks, that is, until **SEPTEMBER 8, 2017** to file an amended complaint that complies with the Federal Rules of Civil Procedure and names a proper defendant, or proper defendants, in the manner explained in this order.

(2) If Gilman fails to file a properly amended complaint by this deadline, then this case will be referred to the presiding judge for him to dismiss this case for failure to state a claim upon which relief may be granted.

Entered this 18th day of August, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge